IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CHRISTOPHER WORLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 14 C 2418 |
| ) | |
| MUNICIPAL COLLECTIONS OF ) | Judge John Z. Lee |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

After Municipal Collections of America, Inc. ("MCOA") attempted to collect unpaid municipal fines that Plaintiff William Worley purportedly owed to Calumet City, Worley sued MCOA for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692g(b), 1692j, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. In addition, Worley brought claims against MCOA pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, the Illinois Collections Agency Act, 225 Ill. Comp. Stat. 425/1 *et seq.* ("ICAA"), and Illinois state common law for invasion of privacy, malicious trespass, and infliction of emotional distress.

MCOA has moved to dismiss the FDCPA, TCPA, ICFA, invasion of privacy, trespass, and infliction of emotional distress claims under Federal Rule of Civil Procedure 12(b)(6). Worley in turn has moved to strike MCOA's affirmative defense of lack of standing under Rule 12(f) and for judgment on the pleadings under Rule 12(c). For the reasons provided herein, the Court grants Plaintiff's Rule 12(f) motion, denies Plaintiff's Rule 12(c) motion, and grants in part and denies in part MCOA's Rule 12(b)(6) motion.

**Facts**

According to Worley, MCOA has been contacting him to collect unpaid municipal fines that it claims Worley owes to Calumet City. Compl. ¶¶ 3, 5, 6. MCOA also reported the alleged debt to the credit reporting agencies Experian, Equifax, and TransUnion on April 30, 2013. *Id.* ¶¶ 8-9. A day later, on May 1, 2013, Plaintiff received a dunning notice from MCOA. *Id.*; Ex. C. The notice indicated that the creditor of Plaintiff's debt was "CITY OF CALUMET CITY LO," that the debt arose from a municipal code violation, and that the unpaid amount was $1,012.50. *Id.* ¶ 9; *id.*, Ex. C.

Plaintiff immediately filed disputes with the credit reporting agencies, but the agencies determined that the debt was valid. *Id.* ¶ 10. Nevertheless, Plaintiff continued in his efforts to verify the debt by providing MCOA with a Notice of Dispute and Validation of Debt. *Id.* ¶ 11. Plaintiff never received a debt validation from MCOA, and MCOA continued its attempts to collect the debt by calling Plaintiff multiple times and by providing erroneous debt information to credit reporting agencies. *Id.* ¶¶ 12, 18, 23.

Interestingly, Plaintiff asserts that the conduct detailed in his Complaint "has more to do with [MCOA's] deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of the alleged debt." *Id.* ¶ 21. Moreover, Plaintiff asserts that MCOA has acted with malice to cause him emotional distress. *Id.* ¶ 28. Additionally, Plaintiff states that he "has suffered significant economic harm as a result of the erroneous credit reporting and [Defendant's] failure to verify or validate [the] alleged debt." *Id.* ¶ 19.

MCOA moves to dismiss Counts I, III, IV, VI, VII, and VIII. In Count I, Worley alleges that Defendant violated the FDCPA by implementing oppressive and abusive behavior to collect his alleged debt, "falsely representing the character, amount and/or legal status of an alleged

debt," failing to stop its collection attempts upon receipt of his notice of dispute, and by furnishing deceptive forms. *Id.* ¶¶ 30–36. In Count III, Plaintiff claims MCOA invaded his privacy in violation of Illinois common law when it illegally obtained his consumer credit report. *Id.* ¶ 55. In Count IV, Worley states that MCOA violated ICFA by misrepresenting the "character, amount and legal status of [his] alleged debt." *Id.* ¶¶ 33–36, 61. In Count VI, Plaintiff alleges that MCOA willfully violated the TCPA because it "possesse[d] 'ATDS' [automatic telephone dialing system] capabilities, and repeatedly contacted Plaintiff without express consent" while "knowing . . . there was no lawful debt to collect upon." *Id.* ¶ 74. In Count VII, he claims MCOA is liable under Illinois law for trespass because it "entered onto Plaintiff's personal consumer reports . . . and remains on said property." *Id.* ¶ 77. Finally, in Count VIII, Plaintiff alleges that MCOA is liable under Illinois law for infliction of emotional distress because it "engaged . . . in extreme and outrageous conduct with the specific intention of causing, or reckless disregard of the probability of causing emotional distress to Plaintiff" and, as a result, he has suffered embarrassment and emotional distress. *Id.* ¶¶ 80–81.

## Discussion

### I. Plaintiff's Motion to Strike an Affirmative Defense

Plaintiff moves to strike Defendant's affirmative defense of lack of standing pursuant to Rule 12(f), arguing that MCOA relies on nothing but conclusory language. *See* Def.'s Affirmative Defense ¶ 1 ("Plaintiff has not incurred an injury in fact, and therefore Plaintiff does not have standing under Article III of the United States Constitution to bring the instant claims."). The Court agrees that the affirmative defense should be stricken, but not for the reason urged by Plaintiff.

3

"Because a plaintiff must plead and ultimately prove standing, lack of standing 'is not an affirmative defense under federal law.'" *De Lage Landen Fin. Servs. v. M.D.M. Leasing Corp.*, No. 07 C 0045, 2007 WL 4355037, at *3 (N.D. Ill. Dec. 10, 2007) (quoting *Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. Jan. 22, 2003)). MCOA's contention that Plaintiff lacks Article III standing is merely a denial of Plaintiff's jurisdictional allegation in paragraph 4 of the Complaint. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *4 (N.D. Ill. Mar. 31, 2003) ("[T]he basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." (Quotation omitted.)). In his complaint, Plaintiff alleges that the Court has federal subject matter jurisdiction with respect to the FDCPA, TCPA, and FCRA claims and supplemental jurisdiction with respect to the state law claims. MCOA's purported affirmative defense of lack of standing merely denies that allegation. *Compare* Compl. ¶ 4, *and* Affirm. Defenses ¶ 1. Accordingly, the Court grants Plaintiff's Rule 12(f) motion to strike MCOA's affirmative defense of lack of standing.

## II. MCOA's Motion to Dismiss

MCOA has moved to dismiss Counts I, III, IV, VI, VII, and VIII pursuant to Rule 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint must at least "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. In reviewing MCOA's motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *See Tamayo*

*v. Blagojevich*, 526 F.3d 1074 1081 (7th Cir. 2008). Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

    **A. The Federal Claims**

        **1. The Fair Debt Collection Practices Act ("FDCPA")**

Defendant argues that Plaintiff has failed to state a claim under Count I for violations of the FDCPA because the debt Defendant has attempted to collect is a municipal fine and not a consumer debt under the FDCPA. The Court agrees.

Under the FDCPA, a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). In *Gulley v. Markoff & Krasny*, the Seventh Circuit held that municipal fines are not a debt as defined by § 1692a(5) of the FDCPA because they do not arise from "consensual consumer transactions for goods and services." 664 F.3d 1073, 1075 (7th Cir. 2011).

Here, the dunning notice, attached to the Complaint as Exhibit C, states that the alleged debt originates from municipal fines issued to Plaintiff by Calumet City. Compl., Ex. C. Because the fines are not a debt as defined by the FDCPA, Plaintiff's claim fails.

In response, Plaintiff argues that this Court should not rely on the facts provided in the dunning notice because the letter is an unsworn hearsay statement. *See* Pl.'s Resp. Def.'s Mot. Dismiss 3-4. As the Seventh Circuit stated in *Reger Development, LLC v. National City Bank*, however, documents attached to a complaint are considered "part of the complaint itself . . . . [and] may permit the court to determine that the plaintiff is not entitled to judgment." 592 F.3d 759, 764 (7th Cir. 2010). Thus, the Court may properly consider the dunning notice in

determining whether the complaint states a claim under the FDCPA. Because it does not, the Court grants Defendant's motion to dismiss Count I with prejudice.

### 2. The Telephone Consumer Protection Act (TCPA)

Defendant argues that Count VI fails to state a claim because Plaintiff merely parrots the language of the TCPA and, thus, fails to provide the supporting factual allegations required by *Twombly* and *Iqbal*. The TCPA prohibits the use of certain communication practices that intrude upon consumers' privacy. *Mims v. Arrow Fin. Serv.*, 132 S. Ct. 740, 744 (2011). One provision of the TCPA prohibits certain calls to cell phones, see 47 U.S.C. § 227(b)(1)(A)(iii), and another provision prohibits certain calls to residential phone lines, see 47 U.S.C. § 227(b)(1)(B). Here, Plaintiff has attached a photograph of his home phone to the complaint. Compl., Ex. E. Accordingly, the Court construes his complaint as asserting a claim under 47 U.S.C. § 227(b)(1)(B), which prohibits the initiation of "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is . . . exempted by rule or order by the Commission under paragraph (2)(B)."

In support of his § 227(b)(1)(B) claim, Plaintiff alleges that "Defendant possesses 'ATDS' capabilities, and [that MCOA] repeatedly contacted Plaintiff without express consent." Compl. ¶ 74. Because ATDS phone calls commonly feature an artificial or prerecorded voice, it may be reasonably inferred that the phone calls he received featured such a voice. Furthermore, Plaintiff alleges that he did not consent to such calls. These allegations are sufficient to withstand MCOA's motion to dismiss Plaintiff's TCPA claim.

## B. The State Law Claims

### 1. The Illinois Consumer Fraud & Deceptive Business Practices Act (ICFA)

The ICFA protects "'consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices.'" *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002)). Specifically, the ICFA provides that "unfair methods of competition and unfair or deceptive acts or practices . . . in the conduct of any trade or commerce" are unlawful. 815 Ill. Comp. Stat. 505/2. To state a claim under the ICFA, a party must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 850 (Ill. 2005).[1]

There is a split among Illinois courts as to whether only a "consumer" may bring an ICFA claim. *See Bank One Milwaukee v. Sanchez*, 783 N.E.2d 217, 220 (Ill. App. Ct. 2003) (citing cases indicating the split in authority). Some courts require the plaintiff to be an actual consumer as defined by the ICFA, whereas others allow a plaintiff to proceed with an ICFA claim so long as he or she alleges a "consumer nexus." *Id.* at 221. Here, Plaintiff has failed to meet either scenario.

---

[1] As a preliminary matter, Defendant argues that Plaintiff lacks Article III standing to bring his ICFA claim because he fails to allege actual damages as required under the ICFA. This argument improperly conflates two separate concepts. "The actual damages element of an ICFA claim is distinct from the Article III injury-in-fact requirement . . . ." *Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 990 (N.D. Ill. 2013). To establish Article III standing, Plaintiff must allege injury-in-fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see Apex Digital, Inc. v. Sears, Roebuck, & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (stating the plaintiff has the burden of proof to establish Article III standing throughout the litigation). Because Plaintiff alleges MCOA's conduct caused him injury in the form of actual damages, see Compl. ¶¶ 58, 59, 62-63, and because a favorable decision as to his ICFA claim would redress that injury, the Court is satisfied that Plaintiff has Article III standing.

First, Plaintiff has not alleged that he is a consumer under ICFA, nor could he. The ICFA defines a consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 Ill. Comp. Stat. 505/1(e). As someone whose debt arose from unpaid municipal fines, Plaintiff does not fall within the ICFA's definition of a consumer.

Second, Plaintiff's allegations fail the "consumer nexus" test. To satisfy the consumer nexus requirement, a plaintiff must allege that: "its actions were akin to a consumer's actions (i.e., the plaintiff must establish a link between it and consumers); (2) the defendant's representations concerned consumers other than plaintiff; (3) the defendant's particular action involved consumer protection concerns; and (4) the plaintiff's requested relief would serve the interests of consumers." *Prescott v. Argen Corp.,* No. 13 CV 6147, 2014 WL 4638607, at *7 (Sept. 17, 2014) (citing *Brody v. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 698 N.E.2d 257, 269 (Ill. App. Ct. 1998)) (quotations omitted); *see Harris v. JAT Trucking of Ill., Inc.*, No. 07-CV-2210, 2009 WL 2222740, at *9 (C.D. Ill. July 24, 2009) (holding that the plaintiff failed to meet consumer nexus test where he did not allege that the defendants' conduct was "directed to the market generally").

Here, Plaintiff does not claim that his receipt of fines for municipal violations was "akin to a consumer's actions." He does not assert that MCOA's representation concerned anyone other than himself. Nor does he contend that his request for damages in this case would serve the interests of consumers generally. As a result, Plaintiff does not satisfy the consumer nexus test, and the Court grants Defendant's motion to dismiss Count IV for failure to state a claim.

### 2. Invasion of Privacy, Trespass, and Infliction of Emotional Distress Claims

As for the state law claims for invasion of privacy, malicious trespass, and intentional infliction of emotional distress, Defendant argues that they are preempted by the Fair Credit Reporting Act ("FCRA") and should be dismissed.

In 1996, Congress enacted § 1681t(b)(1)(F) of FCRA, which provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . [with respect to] section 1681s-2 . . . ." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2, in turn, sets forth the responsibilities of those who furnish information to credit reporting agencies. 15 U.S.C. § 1681s-2. Salient to this motion, § 1681s-2 prohibits an entity from providing information it knows or "has reasonable cause to believe . . . is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Furthermore, it prohibits an entity from providing information about a consumer if the consumer has notified it that the information is inaccurate and "the information is in fact inaccurate." 15 U.S.C. § 1681s-2(a)(1)(B).

The gist of Plaintiff's claims for intrusion of privacy, malicious trespass, and infliction of emotional distress is that MCOA furnished Plaintiff's information to consumer credit reporting agencies even after it had been notified by Plaintiff the information was inaccurate. Although these claims would appear to fall under the scope of § 1681t(b)(1)(F), Plaintiff argues that § 1681t(b)(1)(F) does not preempt his state common law claims. But the Seventh Circuit in *Purcell v. Bank of America* held the opposite, stating that section 1681t(b)(1)(F) preempts all state common law claims when the claims allege conduct covered under § 1681s-2 of the FCRA. 659 F.3d 622, 626 (7th Cir. 2011); *Todd v. Franklin Collection Servs.*, 694 F.3d 849, 852 (7th Cir. 2012) ("FCRA explicitly preempts state-law claims alleging violations of the federal act.").

To the extent that Plaintiff might contend that such a reading of § 1681t(b)(1)(F) is inconsistent with § 1681h(e), which precludes "any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency" but expressly excludes from its purview those claims alleging "false information furnished with malice or willful intent to injure such consumer," the Seventh Circuit disagrees. *Purcell*, 659 F.3d 622–26. As the court explained, "§ 1681h(e) preempts some state claims that could arise out of reports to credit agencies; [and] § 1681t(b)(1)(F) preempts more of these claims." *Id.*; *see also Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011) ("[T]he operative language in § 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption.").

Accordingly, the Court holds that § 1681t(b)(1)(F) preempts Plaintiff's state common law claims of invasion of privacy, malicious trespass, and intentional infliction of emotional distress. *See Purcell*, 659 F.3d at 625–26. The Court thus grants Defendant's motion to dismiss Counts III (invasion of privacy), VII (malicious trespass), and VIII (intentional infliction of emotional distress) with prejudice.

### III. Plaintiff's Rule 12(c) Motion for Judgment on the Pleadings

For his part, Plaintiff moves for judgment on the pleadings as to the entire Complaint under Rule 12(c) because Defendant "is not a competent fact witness." Pl.'s Mot. J. Pleadings 4. Defendant counters that "the competency of the Defendant as a fact witness is not determined at the pleadings stage." Def.'s Resp. Pl's. Mot. J. Pleadings 4. This is correct. The competency of

a fact witness is not an appropriate basis to grant a Rule 12(c) motion at this stage in the litigation. *See Hous. Auth. Risk Retention Group, Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, (7th Cir. 2004) ("In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits.")

Furthermore, the Court denies Plaintiff's motion for judgment on the pleadings as to Counts I, III, IV, VII, and VIII because the Court has dismissed those counts for failure to state a claim.[2] With regard to Counts II (FCRA) and V (ICAA), it is clear that MCOA denies the allegations upon which these claims are based. *See* Def.'s Answer ¶¶ 40, 43, 45–52, 66, 68–72. Because MCOA's denials create material issues of fact with regard to Counts II and V, the Court denies Plaintiff's Rule 12(c) motion.

## Conclusion

For the reasons set forth herein, the Court grants Plaintiff's Rule 12(f) motion to strike Defendant's affirmative defense of lack of standing [23], denies Plaintiff's Rule 12(c) motion for judgment on the pleadings [23], and grants MCOA's motion to dismiss Counts I, III, IV, VII, and VIII and denies MCOA's motion to dismiss Count VI [16]. Counts I, III, IV, VII, and VIII are dismissed with prejudice. Only Counts II (FCRA), V (ICAA), and VI (TCPA) remain.

**SO ORDERED**          **ENTER: 2/27/15**

　　　　　　　　　　　　　　　　　　　　　　　　　　

**JOHN Z. LEE**
**U.S. District Judge**

---

[2] With regard to Count VI (TCPA), addressing the motion for judgment on the pleadings would be inappropriate because MCOA has not yet answered Count VI. *See In re Ostrom-Martin, Inc.*, 155 B.R. 997, 998 (C.D. Ill. 1993) ("[A] motion for judgment on the pleadings is not proper until the pleadings have been closed.")